**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 07-4227**

───────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

NATASHA MARIE MARKLE,

                              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.  Glen E. Conrad, District
Judge.  (5:04-cr-00025-gec)

───────────

Submitted:  October 12, 2007        Decided:  October 29, 2007

───────────

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

I. D. Walton Caudill, Roanoke, Virginia, for Appellant.  Ray Burton
Fitzgerald, Jr., OFFICE OF THE UNITED STATES ATTORNEY,
Charlottesville, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Natasha Marie Markle pled guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (2000). The district court granted the government's motion for downward departure under U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (2004), based upon Markle's substantial assistance, and sentenced Markle to a 132-month term of imprisonment, which was 103 months below the advisory sentencing guideline range. Markle's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the adequacy of the hearing conducted pursuant to Fed. R. Crim. P. 11, and the reasonableness of Markle's sentence. Markle has filed a pro se supplemental brief raising several issues.[1] We affirm.

Counsel raises as a potential issue the adequacy of the plea hearing but does not specify any deficiencies in the district court's Rule 11 inquiries. Because Markle did not move in the district court to withdraw her guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard).

---

[1]We have thoroughly reviewed the issues raised in the pro se brief and find them to be without merit. To the extent Markle seeks to raise claims of ineffective assistance of counsel on direct appeal, we decline to review them at this time. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir.) (providing standard), cert. denied, 546 U.S. 1203 (2006).

Our careful review of the record convinces us that the magistrate judge substantially complied with the mandates of Rule 11 in accepting Markle's guilty plea. Moreover, the magistrate judge and the district court ensured that Markle entered her plea knowingly and voluntarily and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Counsel also suggests that Markle's sentence is unreasonable. In imposing a sentence post-Booker,[2] courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007).

The district court properly calculated the guideline range and appropriately treated the sentencing guidelines as advisory. The district court explicitly considered Markle's assistance to the government in granting the government's motion for a substantial assistance departure. The court also considered

---

[2]United States v. Booker, 543 U.S. 220 (2005).

the nature of the offense and Markle's history and characteristics before imposing a sentence well below the guideline range.  Thus, we find that the sentence is reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm the district court's judgment.  This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
